IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2008

## JAMES C. MURRAY v. JAMES FORTNER, Warden

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-C-1532    Steve Dozier, Judge**

---

**No. M2007-01395-CCA-R3-HC** - Filed May 30, 2008

---

The Petitioner, James C. Murray, was convicted in 1994 by a Davidson County jury of first degree murder and conspiracy to commit first degree murder. The trial court sentenced the Petitioner to life in prison on the murder conviction and twenty-two years on the conspiracy conviction. The court ordered the sentences to be run consecutively for an effective sentence of life plus twenty-two years. In this habeas corpus petition, the Petitioner argues that the sentence violated the Sixth Amendment to the United States Constitution and is thus void. After a thorough review of the issue and applicable law, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which J.C. MCLIN and D. KELLY THOMAS, JR., JJ., joined.

James C. Murray, Only, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Pamela Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

The Petitioner's conviction for first degree murder carried a minimum sentence of life in prison. *See* T.C.A. § 39-13-202(c) (1994). The conspiracy to commit first degree murder conviction was a Class A felony, and, as such, carried a possible penalty of fifteen to twenty-five years in prison as a Range I offender. *See* T.C.A. §§ 39-12-107(c), 40-35-112(a)(1) (1994). The presumptive sentence was the midpoint in the range, twenty years. T.C.A. § 40-35-210(c) (1994). Although the sentencing hearing was not included in the record, by virtue of the twenty-two year sentence we know the trial court enhanced the Petitioner's sentence on the conspiracy charge. Additionally, the

trial court determined that the sentences should be run consecutively pursuant to Tennessee Code Annotated section 40-35-115.

The Petitioner filed a petition for habeas corpus relief claiming, among other things, that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004) because the trial court conducted fact-finding in order to enhance the Petitioner's sentence and run the sentences consecutively. *See State v. Gomez*, 239 S.W.3d 733, 740-41 (Tenn. 2007) (establishing that, under the 1989 Sentencing Act, it is improper for a trial court to conduct fact-finding in order to enhance a defendant's sentence if the fact is not admitted or a previous criminal conviction). The habeas court denied the Petitioner's petition because this Court has held *Blakely* violations are not cognizable habeas claims. It is from this decision that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner complains that the trial court's decision to enhance his sentence and to run his sentences consecutively violate the Sixth Amendment to the United States Constitution and he is thus entitled to habeas corpus relief. The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

A sentence in violation of statutory law has been found to be grounds for habeas corpus relief. *See McLaney v. Bell*, 59 S.W.3d 90, 93 (Tenn. 2001). This, however, is a collateral appeal, and this Court has concluded that a *Blakely* violation does not provide grounds for habeas relief because *Blakely* does not apply retroactively to cases on collateral appeal. *See James R.W. Reynolds v. State*, No. M2004-02254-CCA-R3-HC, 2005 WL 736715, at *2-3 (Tenn. Crim. App., at Nashville, Mar. 31, 2005) (pursuant to habeas corpus petition), *perm. app. denied* (Tenn. Oct. 10,

2005); *Earl David Crawford v. Ricky Bell, Warden*, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005) (same), *perm. app. denied* (Tenn. June 27, 2005); *see also Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005) (pursuant to petition for post-conviction relief), *perm. app. denied* (Tenn. June 27, 2005); *Donald Branch v. State*, No. W2003-02760-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004) (same), *perm. app. denied* (Tenn. May 23, 2005). As such, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Because *Blakely* does not apply retroactively to cases on collateral appeal, the Petitioner's claim is not a cognizable habeas claim. The judgment of the habeas court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

3